UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NAC FOUNDATION, LLC, ) <br> ) <br>             Plaintiff, ) <br>   vs. ) <br> ) <br> COREY JODOIN, ) <br> ) <br>             Defendant. ) <br> ) | Case No.: 2:16-cv-01039-GMN-VCF <br><br> **ORDER** |

Pending before the Court is the Motion for a Temporary Restraining Order, (ECF No. 5), filed by Plaintiff NAC Foundation, LLC ("Plaintiff"). For the reasons set forth herein, the Motion is GRANTED.

**I.    BACKGROUND**

This is a civil action against Defendant Corey Jodoin for breach of contract for purchase of an interest in Plaintiff, for breach of a Non-Disclosure Agreement between the parties, for breach of the covenant of good faith and fair dealing implied in both contracts, for defamation, and for intentional interference with contractual relations and perspective economic advantage. (*See* Compl., ECF No. 1).

For the purposes of the instant Motion, Plaintiff alleges that Defendant has "contacted customers of [Plaintiff], contractors, and others, by use of Confidential Information of [Plaintiff], for purposes of disparaging and defaming [Plaintiff] and its management, and of intentionally interfering with the contracts and prospective business advantage of [Plaintiff]." (Mot. for TRO 5:24–27, ECF No. 5). Further, Plaintiff alleges that Defendant used Confidential Information to contact and convince a customer to attend a conference hosted by Plaintiff "for the specific purpose of interfering with existing and prospective [customers] and investors by publically declaring that [Plaintiff's Product] was a 'scam.'" (*Id.* 3:20–27).

## II. LEGAL STANDARDS

"The underlying purpose of a TRO is to preserve the status quo and prevent irreparable harm before a preliminary injunction hearing may be held." *Jones v. H.S.B.C. (USA)*, 844 F. Supp. 2d 1099, 1100 (S.D. Cal. 2012) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974)). "Temporary restraining orders are governed by the same standard applicable to preliminary injunctions." *Quiroga v. Chen*, 735 F. Supp. 2d 1226, 1228 (D. Nev. 2010).

A temporary restraining order may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of hardships tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

In considering whether a preliminary injunction is warranted, a district court also relies on the factors set forth in *Winter*. 555 U.S. at 20. However, a preliminary injunction may be issued only after "a hearing in which the defendant is given a fair opportunity to oppose the application" and sufficient time "to prepare for such opposition." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty.*, 415 U.S. 423, 433 (1974).

## III. DISCUSSION

The Court finds that Plaintiff is likely to prevail on the merits of its breach of contract claim against Defendant based on the supporting Declaration to the Motion evidencing

Defendant's disclosure and use of Confidential Information in violation of the Contract and Non-Disclosure Agreement between the parties.  For the purposes of this Order, Confidential Information shall mean "any information, including, without limitation, business technical, financial and marketing information, that is written, oral or any other form, that a party designates as being confidential or that, under the circumstances surrounding disclosure, should be clear that it is confidential." (Mutual Non-Disclosure Agreement ¶ 1, Ex. 1-A to Mot. for TRO, ECF No. 5-1).

The Court further finds that Defendant's continued disparagement of Plaintiff and use of Plaintiff's Confidential Information will cause immediate and irreparable harm to Plaintiff resulting in the loss of investors at "a critical threshold. . . in development and financing." (Mot. for TRO 4:12–13, ECF No. 5).  Further, Defendant "is threatening [Plaintiff's] ability to obtain prospective customers [and] harming the goodwill [Plaintiff] has with its client base and prospective clients, and is likely to irreparably harm [Plaintiff's] business reputation." (*Id.* 12:10–13); *see also Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001) ("Evidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm.").

### IV.   **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion for a Temporary Restraining Order (ECF No. 5) is **GRANTED**.  Defendant is temporarily enjoined as follows:

1. Defendant, and anyone acting in concert with Defendant, shall be restrained from disclosing Confidential Information or from using it for any purpose, including but not limited to the purpose of disparaging or defaming Plaintiff, its principal and affiliates, or interfering with Plaintiff's, its principal's or affiliates' contractual and/or prospective economic relationships;

2. Defendant, and anyone acting in concert with Defendant, shall be restrained from falsely holding themselves out as employees or agents of Plaintiff; and

3. Defendants, and anyone acting in concert with Defendant, shall be restrained from any and all contact with Plaintiff's customers, investors, contractors, or any other third party whose information was obtained via Plaintiff's Confidential Information.

**IT IS FURTHER ORDERED** that the Temporary Restraining Order shall remain in place until July 26, 2016, with a hearing on Plaintiff's Motion for Preliminary Injunction (ECF No. 6) to occur on July 26, 2016 at 10:00 A.M. in LV Courtroom 7D before Chief Judge Gloria M. Navarro.  Defendant shall file his Response to Plaintiff's Motion for Preliminary Injunction by the close of business on July 20, 2016.  Moreover, Plaintiff shall file its Reply by the close of business on July 22, 2016.

**IT IS FURTHER ORDERED** that Plaintiff shall serve this Order on Defendant by the close of business on July 15, 2016.  To ensure Defendant receives timely notice of the hearing, Plaintiffs may, in addition to the requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure, serve their motions, this Order, and all other pleadings filed to date on Defendant by electronic mail.  Failure to file proof of service by close of business on July 18, 2016 will result in the Court vacating the hearing and denying the Motion for Preliminary Injunction without prejudice.

**DATED** this \_\_14\_\_ day of July, 2016.

_____
Gloria M. Navarro, Chief Judge
United States District Judge