UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

NAC FOUNDATION, LLC,                )
                                    )
            Plaintiff,              )   Case No.: 2:16-cv-01039-GMN-VCF
    vs.                             )
                                    )   **ORDER**
COREY JODOIN,                       )
                                    )
            Defendant.              )
                                    )

Pending before the Court is the Motion for Preliminary Injunction (ECF No. 6) filed by Plaintiff NAC Foundation, LLC ("NAC") against Defendant Corey Jodoin ("Defendant"). Defendant filed a Response (ECF No. 11), and NAC filed an Ex Parte Motion for Limited Discovery (ECF No. 12).

I. **BACKGROUND**

This is a civil action against Defendant Corey Jodoin for breach of a Purchase Agreement between the parties, for breach of a Mutual Non-disclosure Agreement ("NDA") between the parties, for breach of the covenant of good faith and fair dealing implied in both contracts, for defamation, and for intentional interference with contractual relations and perspective economic advantage. (*See* Compl., ECF No. 1).

For the purposes of the instant Motion, NAC alleges that Defendant has "contacted customers of NAC, contractors, and others, by use of Confidential Information of NAC, for purposes of disparaging and defaming NAC and its management, and of intentionally interfering with the contracts and prospective business advantage of NAC." (Mot. Prelim. Inj. 5:24–27, ECF No. 6). Further, NAC alleges that Defendant used Confidential Information to contact and convince a customer to attend a conference hosted by NAC "for the specific purpose of interfering with existing and

prospective [customers] and investors by publically declaring that [NAC's Product] was a 'scam.'" (*Id.* 3:20–27).

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedure provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1). A Court may issue a preliminary injunction only if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. Finally, "[i]n deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

## III. DISCUSSION

### A. Likelihood of Success on the Merits

The *Winter* test states that in order to show the necessity of injunctive relief, the plaintiff must first prove a likelihood of success on the merits. 555 U.S. at 20. A claim for breach of contract must allege (1) the existence of a valid contract; (2) that the plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement").

Here, NAC alleges that the parties entered into an NDA on November 3, 2015. (Compl. ¶ 25). The NDA defines Confidential Information as "any information, including, without limitation, business technical, financial and marketing information, that is in written, oral or any other form, that a party designates as being confidential or that, under the circumstances surrounding disclosure, should be clear that it is confidential." (NDA ¶ 1, Ex. 1-A to Mot. Prelim. Inj., ECF No. 6-1). Further, the NDA defines the Purpose as the parties "work[ing] together in connection with a possible business relationship." (*Id.* at 1). Moreover, the NDA provides that a "Receiving Party shall retain in confidence any Confidential Information received from the Disclosing Party. Except with the prior written consent of the Disclosing Party, the Receiving Party will not (i) disclose such Confidential Information to any other person or (ii) use such Confidential Information for any purpose other than the Purpose." (*Id.* ¶ 2).

NAC further alleges that, since November 2015, Defendant has contacted its customers, contractors, and others, by use of Confidential Information of NAC "for purposes of disparaging and defaming NAC and its management, and intentionally interfering with the contracts and prospective business advantage of NAC." (Compl. ¶ 26; Andrade Decl. ¶ 13, ECF No. 6-1). Defendant does not dispute these allegations.

Accordingly, the Court finds that Plaintiff has proven a likelihood of success on the merits as to its breach of contract claim related to the NDA.

### B.    Likelihood of Irreparable Harm in the Absence of Preliminary Relief

To succeed on the second prong of the *Winter* test, the plaintiff must "demonstrate that irreparable injury is *likely* in the absence of an injunction." 555 U.S. at 22. In the Ninth Circuit, "[t]hose seeking injunctive relief must proffer evidence sufficient to establish a likelihood of irreparable harm." *Herb Reed Enters., LLC v. Florida Entm't Mgmt., Inc.*, 736 F.3d 1239, 1251 (9th Cir. 2013). A presumption that irreparable harm is

likely is not sufficient to justify the granting of a preliminary injunction. *See id.* at 1242.

Irreparable harm cannot be "economic injury alone . . . because such injury can be remedied by a damage award." *Rent-A-Center, Inc. v. Canyon Tele. & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991). However, the Ninth Circuit has recognized that "[e]vidence of threatened loss of prospective customers or goodwill certainly supports a finding of the possibility of irreparable harm." *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 841 (9th Cir. 2001).

Based upon the declaration of Marcus Andrade, the manager of NAC, Defendant has "contacted customers of NAC, contractors, and others, by use of Confidential Information of NAC, for purposes of disparaging and defaming NAC and its management, and of intentionally interfering with the contracts and prospective business advantage of NAC." (Andrade Decl. ¶ 13). Moreover, despite a cease and desist demand and the commencement of this action, Defendant has continued to do so. (*Id.* ¶ 15; Cease and Desist Demand Letter, Ex. 1-B to Mot. Prelim. Inj., ECF No. 6-1). On the other hand, Defendant argues that NAC "does nothing more than raise a speculative possibility that [Defendant] might harm NAC if he discloses the confidential information." (Resp. 4:9–11, ECF No. 11). However, the Court finds that such action by Defendant demonstrates that irreparable harm is likely in the absence of an injunction.

### C. The Balance of Equities

As explained above, absent an injunction, Plaintiff is likely to suffer irreparable harm. Moreover, the Court cannot find, and Defendant does not argue, that he will suffer any harm as a result of an injunction. Accordingly, the Court finds that the balance of the equities tips in favor of granting an injunction.

### D. Public Interest

Before granting an injunction the Court must determine that an injunction is in the

public's interest. *Winter*, 555 U.S. at 24.  An injunction in this instance protects the public's interest in the integrity and enforceability of contracts.  Therefore, the Court finds that the public's interest favors an injunction in this instance.

### E. Rule 65(d)(1) of the Federal Rules of Civil Procedure

Rule 65(d)(1) of the Federal Rules of Civil Procedure provides as follows:

> (d) Contents and Scope of Every Injunction and Restraining Order.
>
> (1) Contents. Every order granting an injunction and every restraining order must:
>
> (A) state the reasons why it issued;
>
> (B) state its terms specifically; and
>
> (C) describe in reasonable detail—and not by referring to the complaint or other document— the act or acts restrained or required.

Defendant argues that Plaintiff's requested injunction does not satisfy the requirements of Rule 65(d)(1) because it fails to describe the acts to be restrained with adequate specificity. (Resp. 2:24–3:5).  The Court disagrees.

Plaintiff requests that Defendant be enjoined from "disclosing Confidential Information or from using it for any purpose, including but not limited to the purpose of disparaging or defaming NAC, its principal and affiliates, or interfering with NAC's, its principal's or affiliates' contractual and/or prospective economic relationships." (Mot. Prelim. Inj. 14:16–20).  Moreover, Plaintiff requests that Defendant be enjoined from "falsely holding themselves out as employees or agents of NAC." (*Id.* 14:21–22). Furthermore, Plaintiff requests that Defendant be enjoined from "any and all contact with NAC customers, inventors, contractors, or any third party whose information was

obtained via NAC Confidential Information." (*Id.* 15:1–3). The Court finds that Plaintiff's requested injunction describes in reasonable detail the acts restrained such that it complies with Rule 65's requirements.

## IV. CONCLUSION

Because Plaintiff NAC has met its burden demonstrating the *Winter* factors, the Court hereby grants NAC's Motion for Preliminary Injunction.

**IT IS HEREBY ORDERED** that Plaintiff NAC's Motion for Preliminary Injunction (ECF No. 6) is **GRANTED**, as follows:

1. Defendant Corey Jodoin, and anyone acting in concert with Defendant, shall be restrained from disclosing Confidential Information or from using it for any purpose, including but not limited to the purpose of disparaging or defaming NAC, its principal and affiliates, or interfering with NAC's, its principal's or affiliates' contractual and/or prospective economic relationships; and

2. Defendant Corey Jodoin, and anyone acting in concert with Defendant, shall be restrained from falsely holding themselves out as employees or agents of NAC; and

3. Defendant Corey Jodoin, and anyone acting in concert with Defendant, shall be restrained from any and all contact with NAC customers, investors, contractors, or any other third party whose information was obtained via NAC Confidential Information.

For the purposes of this order, "Confidential Information" shall mean any information, including, without limitation, business technical, financial and marketing information, that is in written, oral or any other form, that a party designates as being confidential or that, under the circumstances surrounding disclosure, should be clear that it is confidential.

This Order shall remain in place pending a full determination of Plaintiff's causes of action on the merits or upon further order of this Court.

**IT IS FURTHER ORDERED** that the Ex Parte Motion for Limited Discovery (ECF No. 12) is **DENIED as moot**.

DATED this __26__ day of July, 2016.

```
_____
Gloria M. Navarro, Chief Judge
United States District Judge
```