UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NAC FOUNDATION, LLC, a Nevada limited liability company,<br><br>     Plaintiff,<br><br> vs.<br><br>COREY JODOIN,<br><br>     Defendant. | Case No.: 2:16-cv-01039-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 20) filed by Defendant Corey Jodoin ("Defendant"). Plaintiff NAC Foundation, LLC ("Plaintiff") filed a Response. (ECF No. 21). Defendant did not file a Reply. For the reasons discussed below, Defendant's Motion to Dismiss is granted in part and denied in part.

I. **BACKGROUND**

This dispute arises from two agreements allegedly executed between Plaintiff and Defendant, including an agreement for Defendant to purchase an interest in Plaintiff and a mutual Non-Disclosure Agreement ("NDA"). (Compl. ¶¶ 9–10, ECF No. 1). Plaintiff is a Nevada company that supports the research and creation of digital currency. (*Id.* ¶ 6). In October 2015, Plaintiff allegedly first entered into an oral agreement whereby it would give Defendant five percent interest in Plaintiff in exchange for Defendant's payment of $500,000. (*Id.* ¶¶ 9, 13). Then, in November 2015, the parties allegedly modified the oral agreement by handwriting additional stipulations (the "Modified Agreement") to specify, *inter alia*, that Defendant and his wife would be appointed to officer positions in the company, would organize a conference on Plaintiff's behalf, and would conduct business dealings for Plaintiff. (*Id.* ¶ 13).

On May 9, 2016, Plaintiff filed its Complaint in this Court, alleging the following causes of action: (1) breach of contract under two separate agreements, the Modified Agreement and the NDA; (2) breach of the covenant of good faith and fair dealing; (3) defamation; (4) intentional interference with contractual relations; (5) intentional interference with prospective economic advantage; and (6) aiding and abetting.  These claims center around Plaintiff's allegations that Defendant failed to pay the balance owed on the Modified Agreement, along with Defendant and his wife defaming and disparaging Plaintiff to its customers using confidential information. (*Id.* ¶¶ 17, 19).

After filing its Complaint, Plaintiff moved for a Temporary Restraining Order and Preliminary Injunction to prohibit Defendant from using Plaintiff's confidential information and contacting Plaintiff's customers and contractors for any purpose. (*See* ECF Nos. 5, 6).  The Court granted both of Plaintiff's motions. (*See* ECF Nos. 7, 18).  Defendant then filed the instant Motion to Dismiss, arguing that claim three of defamation is insufficiently pled, and all claims relying on it should be dismissed. (Mot. to Dismiss 2:3–4, ECF No. 20).  Defendant also contends that claim one for breach of contract specifically relating to the Modified Agreement should be dismissed because the Complaint merely alleges the existence of a condition precedent rather than a valid contract. (*See id.* 6:10–11).

## II.     LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555.  Accordingly, Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*  "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). "However, material which is properly submitted as part of the complaint may be considered." *Id.* Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). On a motion to dismiss, a court may also take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if a court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. Fed. R. Civ. P. 12(d).

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

### A. Claims Allegedly Relying on Defamation

First, Defendant seeks dismissal of claims one, two, four, five, and six because these claims "hinge[ ] entirely on whether [Plaintiff] properly alleged a claim for defamation." (Mot. to Dismiss 4:10–12). Defendant gives no argument as to any further deficiencies in the pleadings for these claims. Plaintiff responds that "Defendant conflates the phrase 'for the purposes of disparaging and defaming [Plaintiff]' with a legal requirement that Plaintiff 'establish a prima facie case of defamation' for all six Claims for Relief set forth by Plaintiff in the Complaint." (Pl.'s Resp. 3:17–19, ECF No. 21).

First, the Court agrees with Plaintiff that most of its claims are not dependent upon the sufficient pleading of defamation. Defamation is not an underlying element of claim one, breach of contract[1]; claim two, breach of the covenant of good faith and fair dealing[2]; claim four, intentional interference with contractual relations[3]; or claim five, interference with prospective economic advantage.[4] While facts regarding defamation may be relevant to these claims, the failure to properly plead defamation does not inherently constitute a failure to plead these claims. As such, the Court denies Defendant's motion as to claims one, two, four, and five.

---

[1] "A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement." *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000).

[2] To succeed on a claim for breach of the covenant of good faith and fair dealing, a plaintiff must show: (1) plaintiff and defendant were parties to an agreement; (2) defendant owed a duty of good faith to the plaintiff; (3) defendant breached that duty by performing in a manner that was unfaithful to the purpose of the contract; and (4) plaintiff's justified expectations were denied. *Perry v. Jordan*, 900 P.2d 335, 338 (Nev. 1995) (per curiam).

[3] "To establish intentional interference with contractual relations, the plaintiff must show: (1) a valid and existing contract; (2) the defendant's knowledge of the contract; (3) intentional acts intended or designed to disrupt the contractual relationship; (4) actual disruption of the contract; and (5) resulting damage." *Sutherland v. Gross*, 772 P.2d 1287, 1290 (Nev. 1989).

[4] "Liability for the tort of intentional interference with prospective economic advantage requires proof of the following elements: (1) a prospective contractual relationship between the plaintiff and a third party; (2) knowledge by the defendant of the prospective relationship; (3) intent to harm the plaintiff by preventing the relationship; (4) the absence of privilege or justification by the defendant; and (5) actual harm to the plaintiff as a result of the defendant's conduct." *Wichinsky v. Mosa*, 847 P.2d 727, 729–30 (Nev. 1993).

However, the Court finds that Plaintiff's sixth claim for aiding and abetting relies on properly pleading defamation. (Compl. ¶ 62). This claim alleges three ways in which Defendant aided and abetted his wife in committing substantially the same tortious acts of which Defendant is accused, including defamation. (*Id.*). Aiding and abetting under Nevada law requires a plaintiff to show (1) the primary violator breached a duty that injured the plaintiff, (2) the alleged aider and abettor "was aware of its role in promoting [the breach] at the time it provided assistance," and (3) the alleged aider and abettor "knowingly and substantially assisted" the primary violator in committing the breach. *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 112 (Nev. 1998), *overruled in part on other grounds by GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Here, the Complaint merely recites the elements of aiding and abetting without sufficiently alleging the substance of the disparaging or defamatory statements that Defendant's wife made, or in what ways the communications allegedly made by Defendant's wife interfered with Plaintiff's contractual relations or prospective economic advantage. As this claim merely provides a formulaic recitation of the elements, without giving any facts or detail that Defendant aided and abetted, it is not sufficiently pled. *See Twombly*, 550 U.S. at 555. Thus, the Court grants Defendant's motion as to claim six, aiding and abetting, and dismisses this claim without prejudice, with leave to amend to allege sufficient factual information.

**B. Defamation Claim**

To succeed on a defamation claim in Nevada, a plaintiff must prove: "(1) a false and defamatory statement of fact by the defendant concerning the plaintiff; (2) an unprivileged publication to a third person; (3) fault, amounting to at least negligence; and (4) actual or presumed damages." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1148 (9th Cir. 2012) (quoting *Pope v. Motel 6*, 114 P.3d 277, 282 (Nev. 2005)). Here, the Complaint contains only a bare recitation of the elements of defamation. Plaintiff simply alleges that Defendant "made false and defamatory statement [sic] about [Plaintiff] and its management," that those statements

were intentionally "made to third persons, including customers, investors, and contractors," and that Plaintiff sustained damages as a result. (Compl. ¶¶ 37–43).  As such, Plaintiff's Complaint fails to explain or detail what Defendant said, or in what way the statements were defamatory.[5] The formulaic recitation of elements provided fails to meet the pleading standard, and dismissal is proper. *See Iqbal*, 129 S. Ct. at 1949.  Therefore, Plaintiff's defamation claim is dismissed without prejudice, and Plaintiff is given leave to amend this cause of action if it can allege additional facts sufficient to support the claim.

### C. Breach of Contract

A claim for breach of contract must allege (1) the existence of an enforceable contract; (2) that plaintiff performed or was excused from performance; (3) that the defendant breached the terms of the contract; and (4) that the plaintiff was damaged as a result of the breach. *See* Restatement (Second) of Contracts § 203 (2007); *Calloway v. City of Reno*, 993 P.2d 1259, 1263 (Nev. 2000) ("A breach of contract may be said to be a material failure of performance of a duty arising under or imposed by agreement").  An enforceable contract requires: (1) an offer and acceptance, (2) meeting of the minds, and (3) consideration. *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).  The failure to tender timely payment constitutes a material breach under a contract. *Young Elec. Sign Co. v. Fohrman*, 466 P.2d 846, 847 (Nev. 1970).

Plaintiff claims that Defendant's failure to pay the total amount agreed upon is a breach of the Modified Agreement and that Defendant's contact with Plaintiff's customers violates the

---

[5] In Plaintiff's Response, it urges the Court to take judicial notice of its Motion for TRO and Preliminary Injunction, which include "declarations alleging specific statements made by Defendant or Defendant's wife at the behest of the Defendant that disparaged and defamed Plaintiff." (Pl.'s Resp. 6:22–23). However, at the motion to dismiss stage, the Court generally reviews only the complaint for sufficiency of the pleading. *Hal Roach Studios, Inc.*, 896 F.2d at 1555 n.19. While there are certain documents, such as matters of public record, that the Court may properly review in conjunction with a Rule 12(b)(6) motion, the Court finds that Plaintiff's requested Motions and their contents do not fall within this limited exception.

NDA. (Compl. ¶¶ 24, 26).[6]  Defendant argues that the Modified Agreement is merely a condition precedent and that Plaintiff is trying to inappropriately enforce specific performance.[7] (Mot. to Dismiss 6:9–7:2).  Plaintiff responds that the Modified Agreement is a valid contract, and Defendant's failure to pay constituted a material breach. (Pl.'s Resp. 6:18–20).  Plaintiff further asserts that both parties partially performed under the Modified Agreement. (*Id.* 7:25). Moreover, Plaintiff explains that it is not alleging specific performance, but rather "attempting to recover the expectancy benefit of the bargain." (*Id.* 8:19–20).

   Here, the Court finds that Plaintiff's Complaint sufficiently pleads the breach of contract claim for the Modified Agreement.  First, Plaintiff alleged an enforceable contract wherein Defendant offered $500,000 for five percent interest in Plaintiff, the parties allegedly agreed to the same terms evidencing the meeting of the minds, and consideration in the form of promises was exchanged by both parties. (Compl. ¶ 9).  This initial agreement was then revised to the Modified Agreement, which added that Defendant would become an officer of Plaintiff in exchange for the ability to represent the company, receive travel expense reimbursement, and conduct a conference where Defendant would potentially earn commission to be paid by Plaintiff. (*Id.* ¶¶ 21–26).

   Plaintiff then sufficiently alleges it partially performed when it conferred officer status upon Defendant, allowed Defendant to act as its agent to organize a conference, and paid travel expenses for Defendant. (*Id.* ¶ 22, 25).  Furthermore, because failure to pay is a material breach, Plaintiff sufficiently alleges that Defendant materially breached the terms of the

---

[6] Plaintiff's Breach of Contract claim involves two contracts, the Modified Agreement and the NDA; however, Defendant only moved to dismiss the Breach of Contract claim for the Modified Agreement.  Therefore, the Court's analysis will only consider allegations relating to the breach of the Modified Agreement, not those relating to the breach of the NDA.

[7] Specific performance is an equitable remedy that is utilized in actions for breach of contract and cannot be asserted as an independent claim for relief. *See, e.g.*, *Carcione v. Clark*, 618 P.2d 346, 348 (Nev. 1980).  Here, Plaintiff is not asserting specific performance as a claim, nor is it seeking specific performance as a remedy, and thus Defendant's argument lacks merit.

Modified Agreement by failing to timely tender payment under that agreement. (*Id.* ¶ 23). Finally, the Complaint sufficiently pleads that Plaintiff was damaged by the breach because it did not receive the full payment from Defendant as anticipated in the Modified Agreement. (*See id.* ¶ 24).

Lastly, the Court is not convinced that full payment is a condition precedent here. Defendant argues "because [Defendant] failed to perform the condition precedent to the closing of the transaction, [Plaintiff's] obligation to perform was not met, and the contract became null and void." (Mot. to Dismiss 6:26–7:2). In a contract, "a condition precedent to an obligation to perform calls for the performance of some act after a contract is entered into, upon which the corresponding obligation to perform immediately is made to depend." *NGA #2 Ltd. Liab. Co. v. Rains*, 946 P.2d 163, 167–68 (Nev. 1997). However, "conditions precedent are not favored and the courts will not construe stipulations as conditions unless required to do so by plain, unambiguous language." *U.S. v. Schaeffer*, 319 F.2d 907, 911 (9th Cir. 1963). Here, while in the initial contract, full payment may have been a condition precedent, the alleged Modified Agreement clearly presents stipulations that the parties are agreed to, rather than conditions precedent. As explained above, the Complaint sufficiently alleges the existence of a valid contract.

Accordingly, Defendant's Motion to Dismiss the breach of contract claim as to the Modified Agreement is denied.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 20) is **GRANTED in part** and **DENIED in part**. Plaintiff's claims three, defamation, and six, aiding and abetting, are dismissed without prejudice, with leave to amend. All the other claims remain.

**IT IS FURTHER ORDERED** that Plaintiff shall file its amended complaint by **April 21, 2017**. Failure to file an amended complaint by this date shall result in the Court dismissing Plaintiff's claims for defamation and aiding and abetting with prejudice.

**DATED** this ___7___ day of March, 2017.

_____
Gloria M. Navarro, Chief Judge
United States District Court